UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GALEN CORDELLO LaCRUISE, JR.,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>Respondent. | Case No. 1:26-cv-374-REP<br><br>**INITIAL REVIEW ORDER** |

Petitioner Galen Cordello LaCruise, Jr., (Petitioner) has filed a Petition for Writ of Habeas Corpus challenging his 2022 state court convictions. Dkt. 1. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review each newly-filed habeas corpus petition to determine whether it is should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

Having reviewed the Petition, the Court concludes that Petitioner must respond to this Order to name a proper respondent, show that he has exhausted his state court remedies, and show that the Petition was timely filed.

## REVIEW OF PETITION

### 1. Background

Petitioner was convicted of felony grand theft and several misdemeanor crimes in the state district court in Twin Falls County, Idaho. His judgment of conviction was entered on October 13, 2022. Dkt. 2 at 1. He did not file a direct appeal. *Id*. at 2. He filed a post-conviction petition on February 8, 2024, which the state district court dismissed as untimely. *Id*. It does not appear that he filed a post-conviction appeal.

### 2. Discussion

To proceed to the merits of a federal habeas corpus petition, the petitioner must show that the filing is procedurally proper. Petitioner's filing raises several procedural questions, which he must address by filing an amended petition within 30 days after entry of this Order.

A. Proper Respondent

Petitioner has named the "state of Idaho" as respondent, but the state is not a proper respondent in a habeas corpus action *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). A petitioner challenging his present physical confinement must name a state official, usually the warden of the facility where the petitioner resides, as the

respondent in a habeas corpus action. *Id*. Failure to name a proper respondent deprives the Court of jurisdiction. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

B. Exhaustion of State Court Remedies

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

Petitioner must inform the Court whether he previously raised in the state courts—including in the Idaho Supreme Court—the federal claims contained in his federal habeas petition. If he did not, he will not be able to proceed unless he can show either that there was legitimate cause for the failure (procedural default) and that prejudice resulted from the default, or, alternatively, that the evidence shows he is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).

To show legitimate "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477

U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

C. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) established a one-year statute of limitations for federal habeas corpus actions. Title 28 U.S.C. § 2244(d)(1) provides that the one-year statute of limitations is triggered by one of four events, with the most common being "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

However, once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

Another legal exception to excuse untimeliness is "equitable tolling." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. To qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999). Alternatively, a showing of actual innocence is also an exception to the AEDPA statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

**3. Amended Petition Required**

Petitioner must file an amended petition naming a proper respondent. He must show that he properly presented his federal claims to the state courts, including the Idaho Supreme Court, before he filed his federal petition. He must also show that he filed his federal petition within the statute of limitations period. If he can explain adequate legal excuses for failure to exhaust his state court remedies and failure to file his petition in

time, he must state them in his petition and provide supporting documentation, if any. He must also update the Clerk of Court with his new address, as his mail from the Court has been returned as non-deliverable at the Twin Falls County Jail. Dkt. 4.

## PETITIONER'S MOTION FOR DISCOVERY

Petitioner has filed a copy of the state district court order dismissing his post-conviction petition as untimely. Dkt. 2. He has written "Motion for Discovery" and "innocence" across the top of this document. There is no information about the reasons Petitioner desires discovery or what facts are expected to be revealed in discovery.

Rule 6 of the Rules Governing Section 2254 cases provides that, for good cause, the court may "authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6 further provides that the party "requesting discovery must provide reasons for the request," and must "include any proposed interrogatories and requests for admission, and must specify any requested documents." *Id.*

Here, Petitioner's "Motion for Discovery" must be denied as an inadequate request under Rule 6. He may file a proper motion with his amended petition if he desires to attempt to show actual innocence as a gateway to have his procedurally defaulted and untimely claims adjudicated.

## ORDER

**IT IS ORDERED:**

1. No later than **30 days** after entry of this Order, Petitioner must file an amended petition addressing the procedural deficiencies discussed in this Order. Failure to do so will result in dismissal of this case without prejudice without further notice to Petitioner.
2. Petitioner's Motion for Discovery (Dkt. 2) is DENIED without prejudice.
3. The Clerk of Court shall provide a copy of this Order to Petitioner at his Idaho Department of Corrections address:

   Galen Cordello LaCruise, Jr.
   IDOC #: 145021
   St. Anthony Work Camp General Housing
   125 N. 8th West
   St. Anthony, Idaho 83445.

4. Petitioner is required to update the Clerk of Court with his new address.

DATED: November 25, 2026

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge